## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**FAITH LEWIS,**

        **Plaintiff,**

                        **Case No. 2:23-cv-3157**

      **vs.**                      **Magistrate Judge Elizabeth P. Deavers**


**MAS RESTAURANT GROUP, LLC,**
*et al.*,

        **Defendants.**

### OPINION AND ORDER

    With the consent of the parties, 28 U.S.C. § 636, this matter is before the Court for consideration of Defendants' Motion for In Camera Review of Settlement Agreement by Magistrate Judge Deavers and Filing Under Seal (ECF No. 16), Plaintiff's Response (ECF No. 17) and Defendants' Reply (ECF No. 18). For the reasons that follow, Defendants' Motion is **DENIED**.

### I.

    Plaintiff filed this action on September 27, 2023, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., Art. II, Section 34a of the Ohio Constitution ("§ 34a"), and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (collectively "the Ohio Acts"). (Compl., ECF No. 1.) Specifically, Plaintiff alleges that during the pay period of April 5 to April 18, 2023, Plaintiff worked at least 46.56 hours. Her earnings statement reflects that she should have been paid $791.52. Defendants, however, deducted $698 from her pay due to "missing" money from Plaintiff's location that was not her fault. Plaintiff

alleges that, given one of Plaintiff's direct reports was purportedly at fault for the missing money, Defendants deducted $698 from her pay to "pay back" the amount missing from her Taco Bell store.  Defendants paid her $0 during that pay period.  (Compl. ¶ 2.)

The parties in this case have reached a resolution in principle of Plaintiff's wage and hour claims under the FLSA and Ohio Acts.  Because this lawsuit involves wage and hour disputes under the FLSA, the parties' settlement agreement requires Court approval.  Defendants move the Court for an *in camera* review of the settlement agreement and to file it under seal.  Plaintiff opposes the Motion and Defendants have filed a Reply.  This matter is now ripe for review.

## II.

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978).  A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition."  *In re Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness").  Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted).  The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security."  *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, Nos. 18-3839, 18-3860, 2019 WL 2529050, at *13 (6th Cir. June 20, 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 2019 WL 2529050, at *14 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id*. (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

## III.

Defendants have failed to meet their heavy burden of establishing a compelling reason to file the settlement agreement under seal. Their request to seal an FLSA settlement does not outweigh the public's right to access judicial documents.

This Court addressed the principles thoroughly in the context of the FLSA in *Fairfax v. Hogan Transportation Equip., Inc.*, No. 2:16-CV-680, 2019 WL 466148, at *2 (S.D. Ohio Feb. 6, 2019):

"The party requesting to seal court records bears a heavy burden to overturn" the presumption in favor of public access to court records, "and that burden only gets heavier the 'greater the public interest in the litigation's subject matter.'" *Stanley v. Turner Oil & Gas Props., Inc*., No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017) (quoting *Shane Grp*., 825 F.3d at 305). "The public has a keen interest in the outcome of FLSA litigation, and as such, 'sealing a FLSA settlement rarely, if ever, will be shown to outweigh the public right to access of judicial documents.'" *Stanley*, 2017 WL 5068444, at *1 (quoting *Smolinski v. Ruben & Michelle Enters. Inc*., No. 16-CV-13612, 2017 WL 835592, at *3 (E.D. Mich. Mar. 3, 2017)). "In the Sixth Circuit and elsewhere, the 'great weight of authority' favors open court documents generally and favors open FLSA settlement agreements specifically." *Stanley*, 2017 WL 5068444, at *1 (quoting *Smolinski*, 2017 WL 835592, at *3); *see also Zego v. Meridian-Henderson*, No. 2:15-CV-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016) ("Although the Sixth Circuit has not yet weighed in on this issue, the overwhelming majority of trial courts to consider whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements in these cases."). As a general rule, "[a]bsent an 'extraordinary reason,' such settlement agreements should not be sealed." *Zego*, 2016 WL 4449648, at *1.

*Id.; see also Schmalenberg v. Dysphagia Mgmt. Sys., LLC*, No. 1:18-CV-99, 2019 WL 978472, at *2 (S.D. Ohio Feb. 28, 2019) (quoting *Zego v. Meridian-Henderson*, No. 2:15-cv-3098, 2016 WL 4449648, at * 1 (S.D. Ohio Aug. 24, 2016)) ("As a general rule, FLSA settlement agreements should not be sealed absent an 'extraordinary reason.'").

In this case, Defendants posit that the confidentiality provision in the settlement agreement would be rendered "largely meaningless" if they are "forced" to file the settlement agreement on the Court's public docket. (ECF No. 16, PAGEID # 52.) In their Reply, Defendants acknowledge that settlements under the FLSA require the district court's approval and that, ordinarily, such judicial records are accessible to the public. Yet, they maintain that there may be circumstances where confidentiality provisions may be appropriate. Such circumstances, Defendants say, exist here, where the parties have included a confidentiality provision in their settlement agreement. They assert good cause exists for maintaining the confidentiality of settlement terms in this case. Defendants contend that "from the Defendants'

perspective, confidentiality was the very bedrock of the parties' agreement." (ECF No. 18, PAGEID #63.) The Court finds Defendants' position unpersuasive.

In support of their request to file under seal, Defendants maintain that "Courts within the Sixth Circuit, including this Court, frequently grant leave for parties to file settlement documentation under seal in FLSA cases." (*Id*.) Defendants' purported justification to file the proposed settlement agreement under seal does not fall into any of the exceptions the Sixth Circuit has carved out. Defendants' failure to address any of them is telling. Defendants all but openly concede they have neither (1) "the need to keep order and dignity in the courtroom" nor any (2) "content-based exemptions," such as privacy rights of participants or third parties, trade secrets, or national security. *See Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179. As such, Defendants have not come forward with a compelling reason to file the FLSA settlement agreement under seal.

As Plaintiff points out, this Court's decision in *Macknight v. Boulder Healthcare, LLC*, No. 2:20-CV-4508, 2021 WL 391762 (S.D. Ohio Feb. 4, 2021) is directly on point. In *Macknight*, the parties filed a joint motion to file a settlement agreement under seal. *Id*. at *2. The parties maintained that the settlement agreement contained a confidentiality agreement and referred to the plaintiff's privacy rights and unspecified business considerations. They argued that they should be permitted to file the settlement agreement under seal because the settlement related to only a single plaintiff, suggesting there was no need for public disclosure of the settlement agreement under that circumstance. *Id*. at *2-*3. The parties, as Defendants do here too, suggested that courts "routinely" permit the filing of settlement agreements under seal at the request of the parties where the allegations pertained to the FLSA. *Id*. The Court nevertheless denied the parties' motion. The Court emphasized the public's "strong interest in obtaining the

information contained in the Court record" and held that general privacy concerns such as negative feelings, attitudes, and unwarranted publicity, among others, "have not been found to outweigh the public interest in access to FLSA settlement agreements. *Id.* (citing *Stanley*, 2017 WL 5068444, at *2.) Like *Macknight*, the fact that this case involves a single plaintiff does not constitute an extraordinary reason to file the settlement agreement under seal.

The Court recognizes there have been some decisions granting leave to file an FLSA settlement agreement under seal, often without opposition or much discussion. Yet, again, "[o]nly the most compelling reasons can justify non-disclosure of judicial records" and that "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Fassa v. P&E Express Inc*., No. 2:21-CV-542, 2022 WL 1158596, at *1 (S.D. Ohio Mar. 28, 2022) (quoting *Shane Grp*., 825 F.3d at 305). As this Court observed when denying the motion to file the settlement agreement under seal, "absent an extraordinary reason, FLSA settlement agreements should not be sealed." *Id.* (citing *Zego*, 2016 WL 4449648 at *1). While "settlement agreements are not judicial documents that require preservation of public access[,] . . . 'FLSA cases are different.'" *Altier v. A Silver Lining LLC*, No. 2:17-CV-599, 2017 WL 10402564, at *1 (S.D. Ohio Nov. 15, 2017) (quoting *Hens v. Clientlogic Operating Corp*., No. 05–cv–381S, 2010 WL 4340919, at *2 (W.D.N.Y.)). In FLSA cases, the public has an "'interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement.'" *Id*. Moreover, "'the public has an independent interest in assuring that employees' wages are fair and thus do not endanger the national health and well-being.'" *Id*.

"This Court has routinely held that FLSA settlement agreements should not be filed under seal." *Deloney v. SK Food Grp., Inc*., No. 2:21-CV-0892, 2023 WL 7723224, at *1 (S.D.

Ohio Oct. 18, 2023); *see also Staggs v. Fuyao Glass Am., Inc*., No. 3:17-CV-191, 2019 WL 11497242, at *1 (S.D. Ohio Nov. 25, 2019) (same) (collecting cases); *Zego v. Meridian-Henderson*, No. 2:15-CV-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016) (explaining that "the overwhelming majority of trial courts to consider whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements in these cases"); *Fairfax*, 2019 WL 466148, at *2 (denying motion for leave to file FLSA settlement under seal because "fear of copycat lawsuits or embarrassing inquiries [does] not suffice to defeat the presumption of public access" and a "confidentiality provision in an FLSA settlement agreement . . . contravenes the legislative purpose of the FLSA").

Defendants have failed to meet their burden to establish a compelling reason to file the settlement agreement under seal. Applying the overwhelming majority of cases involving the FLSA, Defendants' Motion to file under seal is **DENIED**.

Finally, in an apparent afterthought, Defendants seek to have the Court review the settlement agreement *in camera*. ("To the extent the Court denies Defendants' request to file the parties' settlement agreement under seal, however, Defendants in the alternative request that the settlement agreement be reviewed *in camera*." (ECF No. 18, PAGEID #64.) Other than citing a single case in which the argument was well developed, *Slaughter v. RMLS Hop Ohio, LLC*,[1] 19-cv-3812, 2022 WL 16724604 (Oct. 26, 2022 S.D. Ohio 2022), Defendants have not provided any rationale to support this request. Defendants have failed to demonstrate that this bifurcated approach is at all necessary or efficient. Accordingly, this request is likewise **DENIED**.

---

[1] Defendants mistakenly cite the case as *Slaughter v. Ohio LLC*.

**IV.**

For the foregoing reason, Defendants' Motion for In Camera Review of Settlement Agreement by Magistrate Judge Deavers and Filing Under Seal, (ECF No. 16), is **DENIED**.  The Clerk is **DIRECTED** to terminate the Motion from the Court's pending motions list.

**IT IS SO ORDERED.**


                                                          */s/ Elizabeth A. Preston Deavers*
**DATED:  August 15, 2024**                      **ELIZABETH A. PRESTON DEAVERS**
                                                          **UNITED STATES MAGISTRATE JUDGE**